UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL WILLIAMS, pleading on his own behalf and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL CREDIT & COLLECTIONS; VELOCITY INVESTMENTS, LLC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:17-cv-03323<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT**

**PLEASE TAKE NOTICE THAT** upon this Notice of Motion and Motion, Samuel Williams ("Plaintiff"), Global Credit & Collections ("GCC") and Velocity Investments, LLC ("Velocity"), by and through their undersigned counsel, will jointly move this Honorable Court, on a date and time to be determined by the Court for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Specifically, the Parties will jointly move this Court pursuant to Fed. R. Civ. P. 23, for an Order certifying this case to proceed as a class action, and granting preliminary approval of the settlement, on behalf of the following class:

> All persons in the State of Pennsylvania who were sent collection letters and/or notices from GCC on a debt owed to Velocity that was beyond the statute of limitations, wherein Defendant made a settlement offer on said debt without disclosing the debt was beyond the statute of limitations, during a period beginning May 2, 2016 through June 9, 2017.

In support of this motion, the Parties respectfully state the following:

1. Plaintiff filed this class action lawsuit pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA"), which alleges GCC violated the FDCPA

by sending consumers written collection communications which offered settlements of debts without disclosing the debt was beyond the statute of limitations and thereby implying that the debt was legally enforcable.

2. All requirements of Federal Rule of Civil Procedure 23 have been met.

3. Defendants have acknowledged that there are approximately 459 persons who meet the class definition set forth above and that, among those 459 persons, they received a total of 520 letters from GCC.

4. There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to Plaintiff and the Settlement Class is that GCC sent each of them a collection letter in an attempt to collect a debt beyond the statute of limitations, which failed to disclose to the consumer that the debt was beyond the statute of limitations. The common legal issues are whether GCC's foregoing collection letter violates the FDCPA.

5. There are no individual issues other than identifying the individual class members, which is a ministerial task GCC has already accomplished through a review of its business records.

6. Plaintiffs' claims are typical of those of the class members. All are based on the same alleged facts (i.e., a letter) and the same legal theories (i.e., an FDCPA violation).

7. The Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

8. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

(a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. *See* 15 U.S.C. §§ 1692k(a)(2)(B) and 1692k(b)(2).

(b) Most class members are unaware of their rights and have no knowledge that their rights are allegedly being violated by the collection letter from Defendants.

(c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to a maximum recovery of *up to* $1,000.00.

(d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

9. Accordingly, the Parties jointly request certification of a class action and preliminary approval of the their class settlement agreement pursuant to Rule 23(b)(3). The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declarations of Daniel Zemel and Elizabeth Apostola, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

Respectfully submitted this 28th day of August, 2018

*/s/ Daniel Zemel*
Daniel Zemel, Esq.
Elizabeth Apostola, Esq.
ZEMEL LAW, LLC
1373 Broad St., Suite 203-C
Clifton, New Jersey 07013
Telephone: (862) 227-3106
E-Mail: dz@zemellawllc.com
E-mail: ea@zemellawllc.com
*Attorneys for Plaintiff*

*/s/ Brian W. Ledebuhr*
Brian W. Ledebuhr
Vedder Price
222 North LaSalle Street, Suite 2300
Chicago, Illinois 60601
(312) 609-7845
bledebuhr@vedderprice.com

*Attorneys for Defendants*